Myral Z. Tinkleman, Formerly Known as Myral Z. Hirschberg, Appellant, *v.* 415 East 12th Street Corporation and Others, Defendants, Impleaded with Howilo Real Estate Co., Inc., Respondent.

First Department, June 22, 1937.

*Benj. F. Sweet,* for the appellant.

*Elliott W. Smith* of counsel [*Wood, Cooke & Seitz,* attorneys], for the respondent.

Untermyer, J. The action was to foreclose a mortgage, to recover against Howilo Real Estate Co., Inc., upon its bond, secured by the mortgage, and to recover against 415 East 12th Street Corporation upon its assumption of liability on the bond. No answer having been interposed by either defendant, the action proceeded to final judgment directing a sale of the premises and adjudging that " if the proceeds of such sale be insufficient to pay the several amounts so reported due to the plaintiff with interest and costs and allowance as aforesaid, that the said Referee specify the amount of such deficiency, if any, in his report of sale, and the plaintiff may apply at the foot of this judgment pursuant to Section 1083-a of the Civil Practice Act for a deficiency judgment against

the defendants, 415 East 12th Street Corporation and Howilo Real Estate Co., Inc., in such amount as the Court shall find the plaintiff entitled to."

A sale of the premises resulted in a deficiency of $5,620.50, exclusive of taxes, water charges and penalties amounting to $1,399.20, subject to which the premises were sold. The plaintiff then made a motion for a deficiency judgment under section 1083-a of the Civil Practice Act. Upon reargument the court referred to an official referee not only the question of the value of the premises but the issue of liability, if any, of the respondent, Howilo Real Estate Co., Inc., on its bond. The referee reported that the respondent was not liable on the bond and in computing the amount of the deficiency judgment to be entered against 415 East 12th Street Corporation also excluded from consideration the amount of the taxes, water charges and penalties, subject to which the premises had been sold. We think the plaintiff was entitled to a deficiency judgment as provided by section 1083-a of the Civil Practice Act and, further, that in calculating the amount effect must be given to all the incumbrances subject to which she acquired the property at foreclosure.

The judgment of foreclosure adjudicated the liability of the respondent on its bond. Only the extent of its liability remained to be determined by the proceedings under section 1083-a of the Civil Practice Act. It follows that the plaintiff was entitled to a deficiency judgment against both defendants, to be measured by subtracting the market value of the property securing the mortgage, determined as provided in section 1083-a, from " the sum of the amount owing by the party liable as determined by the judgment, with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action, including the referee's fees and disbursements." The prior liens here, consisting of unpaid taxes, water charges and penalties amounting to $1,399.20, subject to which the premises were sold, should have been included in determining the amount of the deficiency judgment. Giving effect to these incumbrances the plaintiff was entitled to judgment against both defendants for $2,019.70.

The order should be reversed, with twenty dollars costs and disbursements to the appellant, and judgment directed against the defendants for $2,019.70.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and judgment directed against the defendants for $2,019.70. Settle order on notice.